**YI MEI LI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3439–ag.

United States Court of Appeals, Second Circuit.

April 12, 2007.

Lin Li, Law Office of Fengling Liu, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden LaTour, Assistant Director, Office of Immigration Litigation, Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ye Mei Li, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006 order of the BIA affirming the March 3, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Yi Mei Li*, No. A 96 395 208 (B.I.A. June 30, 2006), *aff'g* No. A 96 395 208 (Immig. Ct. N.Y. City March 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA adopted the IJ's decision with the exception of his determination that Li's application was frivolous, we review the IJ's determination, absent the frivolousness finding, as the final agency determination. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility de-

terminations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Here, the IJ's adverse credibility determination was supported by substantial evidence. First, the IJ reasonably relied upon Li's omission from her asylum application that police searched for her while she hid in a storage shelter. *See Qyteza v. Gonzales,* 437 F.3d 224, 227 (2d Cir.2006)(omissions of events may support an adverse credibility determination). While the record did not support the IJ's assumption that this event precipitated Li's arrangements to come to the United States, undermining the significance he attributed to the omission, when viewed in the aggregate with the additional findings discussed below, this omission supported the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The IJ properly noted several additional inconsistencies in Li's testimony, including: who—either Li or her mother's aunt—kept watch for police while Li was in hiding; whether the storage shelter in which she allegedly hid was below or at a distance from her relative's home; and whether she used a Chinese or U.S. passport to leave China. Moreover, the IJ reasonably rejected Li's explanations for these discrepancies. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

We also defer to the IJ's finding that she gave non-responsive answers during her testimony, to the extent that it undermines her demeanor. *See id.* at 81 n. 1. Finally, because Li's credibility had been called into question by the findings noted above, it was also reasonable for the IJ to find that Li's failure to submit any corroboration of her claim further undermined her credibility. *See Xiao Ji Chen,* 471 F.3d at 341.

Considering these findings in the aggregate, we can confidently predict that the agency would adhere to its decision regarding Li's credibility, absent any errors in the IJ's credibility analysis. *See id.* at 335. For this reason, we deny the petition for review as to Li's asylum claim. We dismiss the petition for review as to Li's claims for withholding of removal and CAT relief, as her failure to argue these claims before the BIA strips us of jurisdiction to review them now. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED, in part, as to petitioner's asylum claim. The petition is DISMISSED, in part, as to petitioner's claims for withholding of removal and CAT relief. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).